# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** RMS ROLLER GRINDER; and DOES
**(AVISO AL DEMANDADO):** 1-100 INCLUSIVE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
MADERA SUPERIOR COURT

DEC - 7 2021

DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** JORDAN PACINI
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. AVISO: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* MCV086271 |
|---|---|

MADERA SUPERIOR COURT
200 South "G" Street
200 South "G" Street
Madera,  93637

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rene T. Sample                                         559-447-9000     559-447-9100
FREEDMAN LAW
3705 W. BEECHWOOD AVENUE
FRESNO, CALIFORNIA 93711

DATE: DEC - 7 2021         Clerk, by _____, Deputy
*(Fecha)*                  *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*:  RMS ROLLER GRINDER

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)         [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Rene T. Sample, SBN: 138046
FREEDMAN LAW
3705 W. BEECHWOOD AVENUE
FRESNO, CALIFORNIA 93711

TELEPHONE NO: 559-447-9000   FAX NO: 559-447-9100
ATTORNEY FOR (Name): JORDAN PACINI

FILED
MADERA SUPERIOR COURT

DEC - 7 2021

_____ CLERK

_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA
STREET ADDRESS: 200 SOUTH "G" STREET
MAILING ADDRESS: 200 SOUTH "G" STREET
CITY AND ZIP CODE: MADERA   93637
BRANCH NAME: CIVIL UNLIMITED

CASE NAME: PACINI v. RMS ROLLER GRINDER, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | MCV086271 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): TWO (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: DECEMBER 6, 2021

Rene T. Sample, SBN: 138046
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

1   René Turner Sample, CA Bar #138046
    **FREEDMAN LAW**
2   3705 W. Beechwood Avenue
    Fresno, CA 93711
3   T: 559-447-9000
    F: 559-447-9100
4   Email: eservice@freedmanlaw.com

5

6   **Attorney for Plaintiff,** JORDAN PACINI

7

*(SPACE BELOW FOR FILING STAMP ONLY)*

FILED
MADERA SUPERIOR COURT

DEC - 7 2021

_____ CLERK
_____ DEPUTY

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF MADERA - CIVIL DIVISION**

10

11  JORDAN PACINI,                          Case No. MCV086271

12              Plaintiff,

13       vs.                                **COMPLAINT FOR DAMAGES**

14  RMS ROLLER GRINDER, and DOES 1 -        1)   **Negligence**
    100, INCLUSIVE,
15                                          2)   **Strict Products Liability**

16              Defendants.

17

18

19  Plaintiff, JORDAN PACINI, alleges as follows:

20                        **JURISDICTIONAL STATEMENT**

21  1.   Defendant, RMS ROLLER GRINDER, is and at all times mentioned was, a corporation

22       organized and existing under the laws of the State of South Dakota, with its principal

23       place of business in Iowa. RMS ROLLER GRINDER in is the business of

24       manufacturing equipment which are used for particle size reduction, including but not

25       limited to seed cracking cotton seed. RMS ROLLER GRINDER has distributed

26       equipment it manufactured into the State of California for lease and/or sale.

27       Additionally, Defendant RMS ROLLER GRINDER, meets the "minimum contacts"

28       standard so as to make said Defendant subject to the personal jurisdiction of this Court

*Pacini v. RMS Roller Grinder*
*Complaint*

Page 1 of 8

1    "so as to not offend traditional notions of fair play and substantial justice. *International*

2    *Shoe Co. v. State of Washington* 66 Sup. Ct. 154 (1945).

3    2.    At all relevant times herein mentioned, Plaintiff JORDAN PACINI was a resident of

4    the city of Firebaugh, in the County of Fresno, State of California.

5    3.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

6    DOES 1 to 100, inclusive, and therefore sues such Defendants by their fictitious names.

7    The capacities of said Defendants, whether business entities or otherwise is presently

8    unknown to plaintiff.

9                          *FIRST CAUSE OF ACTION*

10                          (Negligence)

11   4.    Plaintiff alleges an incorporates herein by reference, as though fully set forth herein,

12   Paragraphs 1 through 3 of this Complaint.

13   5.    At all times mentioned herein, Defendant, RMS ROLLER GRINDER, was engaged in

14   the business of designing, manufacturing, distributing, testing, constructing, fabricating,

15   analyzing, recommending, merchandising, advertising, promoting, and selling (or leasing)

16   to wholesalers and retail stores for consideration a certain product known as an RMS

17   Single Pair Industrial Mill and its component parts, and constituents for resale to and use

18   by members of the general public for the purpose of grinding and/or cracking seed and

19   related activities.

20   6.    At all times herein mentioned, Defendants DOES 1-25 were the agents and employees

21   of their Co-Defendants, and in doing the things hereinafter alleged, were acting within

22   the course and scope of such agency and the permission and consent of their Co-

23   Defendants.

24   7.    At all times herein mentioned. Defendants DOES 26-100, and each of them,

25   manufactured, packaged, designed, distributed, tested, constructed, fabricated, analyzed,

26   recommended, merchandised, advertised, promoted and/or sold the RMS Single Pair

27   Industrial Mill and its component parts, ingredients, and constituents to distributors, retail

28

FREEDMAN LAW
3705 W. Beechwood Avenue
Fresno, CA 93711

*Pacini v. RMS Roller Grinder
Complaint*

*Page 2 of 8*

outlets, and sold or leased RMS Single Pair Industrial Mill to the general public for use in grinding and/or cracking seed and related activities.

8.   At all times herein mentioned. Defendants, and each of them, had a duty to properly design, manufacture, test, inspect, package, label, warn, distribute and market said product in such a manner as to render it safe for its intended or foreseeable use.

9.   At all times herein mentioned, Defendants, and each of them, knew, or in the exercise of reasonable care should have known that the RMS Single Pair Industrial Mill was a device of such a nature that if it was not properly designed, manufactured, tested, inspected, packaged, labeled, warned, distributed, and marketed for the use and purpose for which it was intended, it was likely to injure persons by whom it was used.

10.   Defendants, and each of them, so negligently and carelessly designed, manufactured, tested, inspected, packaged, labeled, warned, distributed, recommended, displayed and/or sold (or leased) the said product that the same was a defective and dangerous product, and unsafe for the use and purpose for which it was intended when used and applied as recommended by Defendants, and each of them.

11.   On or about December 11, 2019, Plaintiff was using said product for the purpose for which it was intended to be used, namely the cracking of seed in the course and course of his employment with Dos Palos Cooperative Gin, Inc. at their plant located at 22742 Road 4, in Chowchilla, California.

12.   Because of the aforementioned negligence of the Defendants, and each of them, in the design, manufacture, testing, inspection, packaging, labeling, warning, distribution, recommendation, display, sale and/or lease of said product, said product inflicted catastrophic injuries to Plaintiff when his hand was pulled into the improperly unguarded roller of Defendant's RMS Single Pair Industrial Mill machine which had been sold and/or leased to Dos Palos Cooperative Gin, Inc., thereby causing Plaintiff severe, grievous, and serious injuries as hereinafter described.

13.   As a result of said Defendants' breach, and each of them, said Defendants were the direct and proximate cause of Plaintiff suffering grievous bodily injury.

FREEDMAN LAW
3705 W. Beechwood Avenue
Fresno, CA 93711

*Pacini v. RMS Roller Grinder*
*Complaint*

Page 3 of 8

14.    The RMS Single Pair Industrial Mill violated United States Department of Labor Occupational Safety and Health Administration Standards as follows:

> **CFR 1910.212(a)(3)(ii)**
>
> The point of operation of machines whose operation exposes an employee to injury, shall be guarded. The guarding device shall be in conformity with any appropriate standards therefor, or, in the absence of applicable specific standards, shall be so designed and constructed as to prevent the operator from having any part of his body in the danger zone during the operating cycle.
>
> **CFR 1910.212(a)(3)(iii)**
>
> Special hand tools for placing and removing material shall be such as to permit easy handling of material without the operator placing a hand in the danger zone. Such tools shall not be in lieu of other guarding required by this section but can only be used to supplement protection provided.

15.    Based upon the above-referenced Statutes/Regulations, RMS ROLLER GRINDER, and Does 1-100, knew or should have known that the RMS Single Pair Industrial Mill which they had sold/leased to Dos Palos Cooperative Gin, Inc., was not safe for its intended and foreseeable use of seed cracking.

16.    As a direct and proximate result of the negligence of the Defendants, and each of them. Plaintiff suffered grievous personal injuries to his right limb (amputation of his right hand), injuries to his psyche and to the rest of his entire person; the full nature and extent of Plaintiff's injuries are not yet known to Plaintiff and leave is requested to amend this complaint to conform to proof at the time of trial; Plaintiff is informed and believes and therefore alleges that said injuries are permanent and by reason of the foregoing. Plaintiff has suffered and will suffer general damages including pain and suffering, in an amount that is in excess of the minimum jurisdictional limits of this court.

17.    As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has incurred, and will incur in the future, medical, surgical, and other related

FREEDMAN LAW
3705 W. Beechwood Avenue
Fresno, CA 93711

*Pacini v. RMS Roller Grinder
Complaint*

Page 4 of 8

1     expenses, the full nature, extent and amount of which are not yet known to Plaintiff, and

2     leave is requested to amend this complaint to conform to proof at the time of trial.

3   18.    As a further proximate result of the negligence of the Defendants, and each of them,

4     Plaintiff has incurred, and will continue to incur, loss of income, wages and other

5     pecuniary losses, the full nature and extent of which is not yet known to Plaintiff, and

6     leave is requested to amend this complaint to conform to proof at the time of trial

7 <center>**SECOND CAUSE OF ACTION**</center>

8 <center>(Strict Products Liability)</center>

9   19.    Plaintiff alleges and incorporates herein by reference as though fully set forth,

10     Paragraphs 1-18 of this Complaint.

11   20.    Defendant, RMS ROLLER GRINDER., improperly designed, manufactured, packaged,

12     distributed, tested, constructed, fabricated, analyzed, recommended, merchandised,

13     advertised, warned, promoted, leased and/or sold a product called the RMS Single Pair

14     Industrial Mill and its component parts, ingredients, and constituents, which was intended

15     by Defendants, and each of them, to be used for roadway construction and related

16     activities.

17   21.    Defendants, and each of them, knew or should have known that said product was to be

18     used in the stream of commerce without inspection for defects by Plaintiff or the general

19     public.

20   22.    Said product was unsafe for its intended use by reason of its defects in its design, warning,

21     parts and content in that it would not become jammed and the process to remove the jam

22     did not protect its operators from bodily injury as the energized and moving rollers were

23     not guarded so as to prevent injury to limbs. Said product failed to perform as safely as an

24     ordinary consumer would expect when used as intended, or in a reasonably foreseeable

25     manner.

26   23.    On or about December 11, 2019, Plaintiff was using the above-described product in a

27     manner for which it was foreseeably intended to be used, and as a proximate result of the

28     defect previously described, said product caught and entrapped Plaintiff's right upper

FREEDMAN LAW
3795 W. Beechwood Avenue
Fresno, CA 93711

*Pacini v. RMS Roller Grinder*
*Complaint*

Page 5 of 8

extremity, and proximately caused Plaintiff to sustain pain and suffering and general damages and to sustain the injuries and damages set forth herein.

24. As a proximate result of the defect and entrapment of Plaintiffs right upper extremities as alleged herein, Plaintiff has incurred, and will continue to incur, medical, surgical, and other related expenses, the full nature, the extent and amount of which are not yet known to Plaintiff, and leave is requested to amend this complaint to conform to proof at the time of trial.

25. As a further proximate result of the defect and entrapment of Plaintiff's right upper extremity as alleged herein, Plaintiff has incurred, and will incur, loss of income, wages, and other pecuniary losses, the full nature and extent and amount of which are not yet known to Plaintiff, and leave is requested to amend this complaint to conform to proof at the time of trial.

26. Defendants, and each of them, knew that said product would become jammed and with its unguarded and energized roller would entrap, or cause a person's limbs to be entrapped and cause serious bodily injury when used for the purpose for which Defendants foreseeably intended it to be used.

27. RMS ROLLER GRINDER is strictly liable as the designer, manufacturer, and initial distributer, for Plaintiffs damages proximately caused by its defective product for reasons set forth hereinabove. Does 1 -100 are liable for its and their actions hereinabove set forth that proximately caused Plaintiffs damages incurred by using defective equipment.

28. Defendant manufacturer RMS ROLLER GRINDER, and Does 1-100, knew or should have known of the substantial dangers involved in the use of the RMS Single Pair Industrial Mill, when used or misused in an intended or reasonably foreseeable manner, and whose defective design and defective warning caused it to have unreasonably dangerous characteristics.

29. Defendants, and each of them, knew or should have known that the substantial dangers inherent in the RMS Single Pair Industrial Mill were not readily appreciated by an

FREEDMAN LAW
3705 W. Beechwood Avenue
Fresno, CA 93711

*Pacini v. RMS Roller Grinder*
*Complaint*

*Page 6 of 8*

1    ordinary consumer, and that consumers would purchase or lease this product without
2    inspection for defects.

3    30.   Defendants, and each of them, failed to adequately warn Plaintiff of the substantial
4          dangers involved in the intended or reasonably foreseeable use of the RMS Single Pair
5          Industrial Mill.

6    31.   Plaintiff was a user of the RMS Single Pair Industrial Mill at all relevant times mentioned
7          herein.

8    32.   Plaintiff was using the RMS Single Pair Industrial Mill in an intended and reasonably
9.         foreseeable manner when the incident occurred.

10   33.   Defendants and each of them, owed a duty to warn Plaintiff of the risks of substantial
11         harm associated with the foreseeable or intended use of the RMS Single Pair Industrial
12         Mill. Said Defendants, and each of them, failed to provide warning and/or adequately
13         warn of said risks. As a result of Defendants' actions and failure to warn, and each of them.
14         Plaintiffs suffered injuries and damages. Plaintiffs' injuries were the legal and proximate
15         result of actions of the Defendants, and each of them, and of their failure to adequately
16         warn of the risks involved in using the RMS Single Pair Industrial Mill.

17   34.   Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of the
18         trial.

19                                        ***PRAYER***

20        WHEREFORE, plaintiff prays for judgment against defendants, and each of them as
21   follows:

22   1.    For general damages according to proof;

23   2.    For medical and related expenses according to proof;

24   3.    For loss of income and wages according to proof;

25   4.    For cost of suit incurred herein;

26   5.    For all such other and further relief as the court may deem proper.

27

28

FREEDMAN LAW
3705 W. Beechwood Avenue
Fresno, CA 93711

*Pacini v. RMS Roller Grinder*
*Complaint*

1    DATED: December 6, 2021.                                  FREEDMAN LAW

2

3

4                                                    By: _____

5                                                         René Turner Sample,
                                                         **Attorney for Plaintiff**
6                                                         JORDAN PACINI

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEDMAN LAW
3755 W. Beechwood Avenue
Fresno, CA 93711

*Pacini v. RMS Roller Grinder
Complaint*

*Page 8 of 8*

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF MADERA
200 South "G" Street
Madera, CA 93637

Jordan Pacini
    Plaintiff/Petitioner

VS

RMS Roller Grinder
    Defendant/Respondent.

Case No   MCV086271

ADRIENNE Y. CALIF

ROSA BACA

NOTICE OF CASE MANAGEMENT CONFERENCE

To: All Parties

1.    NOTICE IS GIVEN that a Case Management Conference has been scheduled on
    Date: April 27, 2022   Time: 8:30 am  in Department 45

    Please do not appear more than 10 minutes before your scheduled hearing time as noted above.

2.    No later than 15 days before the date set for the Case Management Conference, each party must file a Case Management Statement, Mandatory Form CM-110 (New 7-1-11) and serve it on all other parties in the case.

3.    You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

4.    At the Case Management Conference the Court may make pretrial orders, including the following:

        a.    An Order establishing a discovery schedule.
        b.    An Order referring the case to Arbitration.
        c.    An Order dismissing fictitious defendants.
        d    An Order scheduling exchange of expert witness information.
        e.    An order setting subsequent conferences and the trial date.
        f.    Other Orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code 68600. et seq)

5.    Case is assigned to Department 45 for all purposes

If you wish to appear remotely, please submit a request through our online Zoom Appearance Request Form by visiting
https://www.madera.courts.ca.gov or scanning the QR code below.

[SCAN ME]

- SANCTIONS -

If you do not file the Case Management Questionnaire required by local rule or attend the Case Management Conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking the answer, and payment of money).

Date: December 28, 2021

Adrienne Calip, Court Executive Officer

ROSA BACA

By:    _____

    Rosa Baca, Deputy Clerk

### Declaration of Mailing

I declare under penalty of perjury of the laws of the State of California that I am over the age of 18 years and not a party to this action On the date shown below, I mailed the above document to the parties named below by depositing a true copy thereof in an envelope first class postage prepaid and depositing the same in the Court mail basket for mailing in the United States Mail at Madera, California, or by placing in a mail receptacle at the Office of the Clerk

Rene' Turner Sample
7045 N FRUIT AVE
FRESNO, CA 93711

Date: December 28, 2021

ROSA BACA

    _____
    Rosa Baca, Deputy Clerk

NOTICE OF CASE MANAGEMENT CONFERENCE

CIVIL TRIAL DELAY REDUCTION PROGRAM

1. You are expected to know the local rules, especially those on trial delay reduction. If you do not have an updated copy of the local rules, one may be obtained from the court's website at www.madera.courts.ca.gov at no cost; or may be purchased from the Civil Division.

2. Plaintiff must serve a copy of this notice on each defendant. Show proof of service of this document with the proof of service of the summons. Or you may provide proof of mailing to each defendant served by separate proof of service.

3. Each party must file and serve a Case Management Conference Questionnaire at least fifteen (15) days before the hearing. Attach additional pages discussing the questions in Paragraph 4 below to the extent they are not covered in the Questionnaire. (The Questionnaire is a former Judicial Council form, CM-110.) A new questionnaire must be filed before each conference.

4. You must also discuss the following issues in your report to the court.

(1) Service of process on parties not yet joined; (2) Jurisdiction and venue; (3) Proposed joinder of other parties; (4) Proposed discovery and unresolved discovery controversies, and the names of witnesses for each party; (5) The substance of the parties' claims and defenses and a short statement setting out genuinely controverted issues of law or fact. Statements must be of 50 words or less; (6) The need for adoption of special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems; (7) The advisability of referring matters to a referee or to arbitration or mediation; (8) The advisability of adopting special procedures, including bifurcation or severance of issues for trial; (9) Any other matters which may be conducive to the just, efficient, and economical determination of the case.

5. Continuances of case management conferences are limited to ONE continuance of no more than 15 days by written stipulation filed with the court. Send a copy of your stipulation to the Calendar Division. Government Code 68616(d) and Local Rule 902.3. Any continuance after the first one is subject to a continuance fee of $20.00.

6. **Uninsured motorist cases:** Please advise the Calendar Clerk immediately if your case is an uninsured motorist case. The case management conference will be continued an additional 60 days. If you have not filed a petition for arbitration, or dismissed the case within 180 days of filing the complaint or discovery that the case is an uninsured motorist case, an Order to Show Cause will issue to show why the case should not be dismissed.

7. **Telephone appearances:** A party may appear by telephone at a Case Management Conference only through the use of "Court Call". A party who chooses to appear telephonically by Court Call is solely responsible for the cost of the Court Call service. Arrangements for appearance by Court Call must be made in advance by telephoning the Court Call service at 888-88-COURT (888-882-6878).

8. IF YOU NOTIFY THE COURT THAT AN AT ISSUE MEMO HAS BEEN FILED, THE CONFERENCE WILL BE VACATED. Cases may be deemed at issue at the conclusion of the hearing and trial and settlement conference dates scheduled at the hearing, regardless of your attendance. You should be prepared to advise the court of your availability for any proposed settlement conference or trial date.

9. Information regarding trials and settlement conferences can be located in Madera Superior Court Local Rules Division 2: Trial Court Rules and Chapter 8 Section 2.8.1 located on the Superior Court website: www.madera.courts.ca.gov

Calendar Division phone number: Court Services Division 559-418-5540

Note: For general questions that do not relate to calendar matters, such as filing fee information, please call the Civil Division at 559-416-5525.

Revised: 4/19

NOTICE OF CASE MANAGEMENT CONFERENCE